# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### - HOUSTON DIVISION -

| | | |
|---|---|---|
| **ALAN OBERC**<br>　　**Plaintiff,** | } | **Case No.: 4:13-cv-01382** |
| | } | **Hon. Judge Kenneth M. Hoyt** |
| **V.** | } | |
| | } | |
| **BP plc; BP America Inc.; BP Products North** | } | **UNOPPOSED** |
| **America Inc.; BP Exploration & Production** | } | **MOTION TO VOLUNTARILY** |
| **Inc.; Willis Group US Company; DonWat GP** | } | **DISMISS CAUSE OF ACTION** |
| **LLC; Donovan & Watkins LP; DW Legal;** | } | |
| **Kirkland & Ellis, LLP; and, Gary Chyi,** | } | |
| 　　**Defendants.** | } | |

---

ALAN M. OBERC  (Admitted *pro hac vice*)
THE LAW OFFICE OF ALAN M. OBERC
16186 White Oak Avenue
Lovwell, Indiana  46356
Email:  amo613@yahoo.com

James M. Cleary, Jr.
Martin, Disiere, Jefferson & Wisdom
808 Travis, 20th Floor
Houston, Texas 77002
cleary@mdjwlaw.com
*Attorney for Defendants:*
*Willis Group, LLC; DonWat GP, LLC;*
*Donovan & Watkins; LP, Donovan &*
*Watkins Legal Solutions, LLC*

Edwin Sullivan
Oberti Sullivan, LLP
723 Main Street, Suite 340
Houston, TX 77002
*Attorney In Charge for Defendants:*
*Kirkland & Ellis LLP and Gary Chyi*

Thomas J. Piskorski
Seyfarth Shaw, LLP
131 S. Dearborn Street, Suite 2400
Chicago, Illinois 60603
*Attorney in charge for Defendants:*
*BP, plc, BP America Inc.,*
*BP Products North America Inc., and BP*
*Exploration and Production Inc.*

# TABLE OF CONTENTS

I.   INTRODUCTION

    A.   Nature and Stage of Proceeding ………………………………………………….. 1

    B.   Short Statement Of The Facts ……………………………………………………… 2

II.  LEGAL STANDARD OF REVIEW …………………………………………… 4

    A.   Rule 41(a)(2) of the Federal Rules of Procedure …………………………………  4

        (1)   Authority RE: Dismissal Without Prejudice When Defendant
             Not Substantially Prejudiced …………………………………………... 4

        (2)   Authority RE: Costs Of Litigation ……………………………….…...... 6

III. ARGUMENT AND AUTHORITES ……………………………………………… 7

    A.   Statement Of Issues To Be Ruled Upon ………………………………………….. 7

        1.   Whether The Court Should Freely Allow Plaintiff's Voluntary
           Dismissal When There Is No Proper Reason To Find That Any
           Defendant Is Substantially Prejudiced ……………………………………  7

        2.   Whether The Court Should Exercise Its Judgment Of Not Awarding
           Any Defendant Costs, Attorney Fees Or Setting Any Other Terms And
           Conditions For The Dismissal Because Of The Circumstances Of The
           Case …………………………………………………………………... 7

    B.   It Would Be Proper Under Rule 41(a)(2) For The Court To Dismiss Plaintiff's
       Cause  Of Action Without Prejudice When Plaintiff Can Ill-Afford To Proceed
       With Discovery And No Defendant Will Be Substantially Prejudiced ………………  8

        1.   The Court Has Discretion To Liberally Grant The Voluntary Dismissal
           Of A Cause Of Action ……………………………………………………… 8

        2.   No Defendant Would Be Substantially Prejudiced By A Dismissal
           Without Prejudice …………………………………………………………... 9

           (i)    Chyi, BP and K&E -- No Substantial Prejudice ………………………9

           (ii)   DW -- No Substantial Prejudice …………………………………… 12

C.    Litigation Costs Should Not Be Awarded To Either Defendant ……………………… 13

     1.    No Litigation Costs For Chyi, BP and K&E ………………………………… 13

     2.    No Litigation Costs For DW ……………………………………………… 15

D.    Dismissal With Prejudice Is Not Warranted ……………………………….…... 17

IV.    CONCLUSION ……………………………………………………………….... 17

CERTIFICATE OF CONFERENCE ……………………………………….………… 18
CERTIFICATE OF SERVICE ……………………………………………………… 18
(**Proposed Order filed separately)

## TABLE OF AUTHORITIES

<u>Cases</u>:

*Alamance Indus., Inc. v. Filene's,*
    291 F.2d 142 (1st Cir. 1961) ……………………………………………...…..  9

*Balogun v. INS,*
    9 F.3d 347 (5th Cir. 1993) ……………………………...……………….…….. 11 (fn. 5)

*Barron v. Caterpillar, Inc.,*
    1996 WL 460086 at *2 (E.D. Pa. Aug. 7, 1996) ……………………………...….. 5, 11, 13

*Bridgeport Music, Inc. v. Universal-MCA Music Publishing, Inc.,*
    583 F.3d 948 (6th Cir. 2009) ……………………………………………….....…  6, 16

*Catanzano v. Wing,*
    277 F.3d 99 (2d. Cir. 2001) ……………………………...……………….…..  4, 11, 13

*Davis v. Huskipower Outdoor Equip. Corp.,*
    936 F.2d 193 (5th Cir. 1991) …………………………………….……………..  4, 9

*Davis v. USX Corp.,*
    819 F.2d 1270 (4th Cir. 1987) …………………………………...………………..  4, 5, 9

*Degussa Admixtures, Inc. v. Burnett,*
    471 F.Supp. 2d 848 (W.D. Mich. 2007) …………………...………………….....  7, 16

*Dorsey v. Portfolio Equities, Inc.,*
    540 F.3d 333 (5th Cir. 2008) …………………………………………….....…  10 (fn. 4)

*Elbabor v. Tripath Imaging, Inc.,*
    279 F.3d 314 (5th Cir. 2002) ……………..…………………………………..…..  4

*Environ Products, Inc. v. Total Containment, Inc.,*
    1995 WL 459003 at *5 (E.D. Pa. July 31, 1995) ……………………………...…..  5, 11, 13

*Fernandez v. Southside Hosp.,*
    593 F.Supp. 840 (E.D.N.Y. 1984) ……………………………………….....…..  5, 12, 13

*Hargis v. Foster,*
    282 F.3d 1154 (9th Cir. 2002) ……………………...……………………….…..  4, 9

*John Evans Sons, Inc. v. Majik-Ironers, Inc.,*
    95 F.R.D. 186 (E.D. Pa. 1982) ……………….....……………………………….....…… 15

*LeCompte v. Mr. Chip, Inc.,*
    528 F.2d 601 (5th Cir. 1976) …………………………………………….....… 5, 11, 13

*Miller v. Terramite Corp.,*
    114 Fed. Appx. 536 (4th Cir. 2004) …………………………………………….....… 6, 12, 13

*Pace v. Southern Express Co.,*
    409 F.2d 331 (7th Cir. 1969) …………………………………………….…. 6, 12, 13

*Phillips USA, Inc. v. Allflex USA, Inc.,*
    77 F.3d 354 (10th Cir. 1996) …………………………………………….....… 6, 12, 13

*Pouls v. Mills,*
    1993 WL 308645 at *1 (E.D. Pa. Aug. 12, 1993) …………………………………… 5, 11, 13

*Puerto Rico Maritime Shipping Auth. v. Leith,*
    668 F.2d 46 (1st Cir. 1981) …………………………………………….............. 6, 9, 16

*Quintero v. Klaveness Ship Lines,*
    914 F.2d 717 (5th Cir. 1990) …………………………………….……………. 5, 11, 13

*Tech. Corp. v. Electrovert USA Corp.,*
    122 F.R.D. 201 (N.D. Tex. 1988) …………………......………......…………....…… 6, 11, 13

*Rodriguez v. U.S.,*
    66 F.3d 95 (5th Cir. 1995) …………………………….………......………. 2 (fn. 1), 3 (fn. 2)

*S.A.Andes v. Versant Corp.,*
    788 F.2d 1033 (4th Cir. 1986) …………………………………….……………… 4, 11, 13

*Schwarz v. Folloder,*
    767 F.2d 125 (5th Cir. 1985) …………………………………......………………… 6, 16, 17

*Selas Corp. of America v. Wilshire Oil Co. of Texas,*
    57 F.R.D. 3 (E.D. Pa. 1972) …………………………………………….....… 5, 11, 13

*Shulley v. Mileur,*
    115 F.R.D. 50 (M.D. Pa. 1987) ……………………………..……………….....… 5, 11, 13

*Stevedoring Serv. v. Armilla Int'l, B.V.,*
    889 F.2d 919 (1st Cir. 1989) ……………………………………..……………… 7, 16

*Templeton v. Nedlloyd Lines,*
    901 F.2d 1273 (5th Cir. 1990) …………………………….……………....…… 4, 11, 13

*United States v. Burr,*
    25 F.Cas. 30 (C.C.Va.1807) …………………………….……..……….....…. 6, 16

*Vega-Rodriguez v. Puerto Rico Tel. Co.,*
    110 F.3d 174 (1st Cir. 1997) …………………………...……..……...……. 10 (fn. 4)

*Vincent v. A.C. & S. Inc.,*
    833 F.2d 553 (5th Cir. 1987) ………………………………………….…..… 5, 11, 13

**Rules:**

Fed. R. Civ. P., Rule 41(a)(2) …………………………...…………………. 4, 9, 11, 13, 14, 15, 17

**Other Authority**:

Vol. 8 Moore's Federal Practice,
    §41.40[10](c), p. 41-174 (Matthew Bender 3d Ed.) ………………….…..………….. 6, 14, 15

Vol. 8 Moore's Federal Practice,
    § 41.40[10][d], p. 41-175 (Matthew Bender 3d Ed.) ………………..……………. 6, 16

<u>**PLAINTIFF'S RULE 41(a)(2) MOTION FOR VOLUNTARY DISMISSAL**</u>
<u>**WITHOUT PREJUDICE**</u>

**NOW COMES**, Alan Oberc, by and through his attorney, Alan M. Oberc, and pursuant to Federal Rules of Civil Procedure 41(a)(2), and requests voluntary dismissal of the cause of action without prejudice against Defendants Willis Group, LLC (improperly named as "Willis Group US Company"); DonWat GP, LLC; Donovan & Watkins, LP; Donovan & Watkins Legal Solutions, LLC (improperly named as "DW Legal") (hereafter collectively "DW") and, Defendant Kirkland & Ellis, LLP (hereafter "K&E"), and Defendant Gary Chyi (hereafter "Chyi"), and Defendants BP, plc; BP America Inc.; BP Products North America Inc., and; BP Exploration & Production Inc. (hereafter collectively "BP"), and in support thereof states the following:

**I.     INTRODUCTION**

  **A.     <u>Nature and Stage of Proceeding</u>**

  On May 3, 2013, Alan Oberc, a *pro se* Plaintiff, filed a Complaint in the United States District Court, Northern Indiana, Hammond division, which was transferred to this Court on May 10, 2013, and which included claims under the FLSA for overtime violations and retaliatory discharge, and breach of employment contract, intentional/tortious interference with contractual relations, gross negligence, defamation, and intentional infliction of emotional distress. There is complete diversity of jurisdiction of the Plaintiff with each Defendant, with an amount in controversy greater than $75,000. This court granted plaintiff *in forma pauperis* status.

  On November 13, 2013, after heated disputes on each of defendant's Rule 12(b)(6) motion arguments, plaintiff's response, and defendant's replies, the court issued its Order that granted in part and denied in part the Motions for dismissal for failure to state a claim for relief.

  In the Order, defendants Chyi, BP and K&E, were entirely relieved with their requests that each claim against them be dismissed for plaintiff's failure to state a claim for relief. The Order was silent as

to whether the claims were dismissed with or without prejudice.[1]  However, regarding defendant DW, the court granted their request for relief in dismissing all claims, with the exception of the single claim for retaliation in violation of the FLSA, which survives to this day.  The DW dismissed claims were also silent as to whether they were dismissed with or without prejudice.

On November 26, 2013, the court issued another Order that denied the joint motion filed by defndant's K&E, Chyi and BP, plc seeking a Rule 54(b) judgment.

On March 13, 2013, Plaintiff filed a motion requesting leave of court to file his First Amended Complaint.  It was contested with Responses by DW, Chyi, BP and K&E, as filed on March 28, 2013.

On April 2, 2014, the court issued its Order that denied plaintiff's Motion seeking leave to file his First Amended Complaint.

Since then, plaintiff has not engaged in any discovery.  DW has served written discovery on plaintiff.  Plaintiff has sought representation by numerous attorneys who require a substantial sum of money as retainer for their services, despite the fact that plaintiff has been indigent and living in his car for the past nine (9) months.

**B.**     <u>**Short Statement Of The Facts**</u>

Plaintiff is an individual who is not able to afford to proceed further with this litigation in a *pro se* capacity, and *in forma pauperis*.  Due to his current financial status, he does not have access to legal counsel, and cannot afford, at this time, to pay for the discovery phase of this litigation, nor any appeal of the Rule 12(b)(6) dismissals for failure to state a claim as a *pro se*, *in forma pauperis* plaintiff.

Because the plaintiff cannot afford to achieve Justice, he must voluntarily dismiss this claim and

---

[1]  As to the Order being silent on whether the "claims" were dismissed with or without prejudice, the plaintiff requests that the court construe that they were dismissed without prejudice, and to consider plaintiff's case authority cited in plaintiff's *Motion For Leave To File First Amended Complaint.* (Doc. #69).  The case of *Rodriguez v. U.S.* 66 F.3d 95, 97 (5th Cir. 1995) cert. denied 116 S.Ct. 1058, 516 U.S. 1166, 134 L.Ed. 2d 202 stands for the rule that a complaint dismissed against a pro se complainant should be dismissed *without prejudice*.  Assuming *arguendo*, the following argument in this brief merely considers that the court may favor defendants by now determine that the Rule 12(b)(6) dismissals were with prejudice.  However, plaintiff does not concede that they were dismissed with prejudice. Further, the court should consider that plaintiff was denied the right to file its First Amended Complaint.

throw in the towel. This is so, despite the fact that when he filed the complaint, he held a good faith belief that he may acquire a sufficient financial basis to finance this litigation. His current financial position prevents him from proceeding with discovery, and to hire and pay a retainer fee for another attorney.

Defendants Chyi, BP and K&E will not suffer any substantial prejudice should the court rule that the "cause of action" be dismissed without prejudice because the court ordered, in providing relief for their Rule 12(b)(6) motion, that the entirety of the "claims" against them were dismissed for failure to state a claim (essentially, no sufficient notice of the claims). (Doc. # 59). Further, although Chyi, BP, and K&E filed a Rule 54(b) motion requesting entry of final judgment for all claims previously dismissed against them, which was denied, this current request by plaintiff for voluntary dismissal will further their purpose of bringing a final resolution of the claims against them. (Doc. # 63). As to these defendants, plaintiff does not agree to a dismissal with prejudice because there is substantial merit to each claim.[2]

As to DW, they will not suffer any substantial or plain legal prejudice should the court rule that the cause of action against them be dismissed without prejudice because it's Answer was essentially a general demurrer, likely with little or no investigation, and there has been essentially "no discovery". Further, there is no other proper reason to find that DW will be substantially prejudiced by plaintiff's

---

[2]   Although plaintiff does not have any "claims" that survived against Chyi, BP and K&E, the "cause of action" continues against them as "named parties". This is so, because after defendants request, no entry of final judgment was issued by the Judge, or entered by the court's clerk. Plaintiff should not be denied the right to file any future claim in a different cause of action, against Chyi, BP and K&E, even supposing the possibility that the "claims" were dismissed with prejudice, when the Order was silent on that point. Plaintiff maintained a legal right to appeal the dismissal of all claims, even claims against DW, whether they were dismissed with or without prejudice, when they were dismissed merely at the pleading stage without the benefit of any discovery, and on the basis that the complaint failed to meet the "notice pleading" requirement of the FRCP. Here, if Rule 41 voluntary dismissal is without prejudice for the cause of action (See *Rodriguez*, supra), therefore against all defendants, then plaintiff will be entitled to pursue a future cause of action, just as if his dismissed claims likely would have prevailed at the appeal stage, when plaintiff had planned on filing an appeal. There has been absolutely no determination of the merits of this case at any stage of this litigation, by the court or any defendant, when it has only completed the pleading stage. Despite the belief of counsel for Chyi, BP and K&E, as referred to in the below Certificate of Conference, plaintiff believes his present Rule 41 motion for voluntary dismissal without prejudice, as to the "cause of action", continues to apply to all defendants. As stated in this brief, plaintiff states his request that this motion be granted without prejudice and he is opposed to an entry of final judgment on the cause of action to be with prejudice as to any defendant.

voluntary dismissal when there is only one claim against it, and they have not filed any counterclaim. As to DW, plaintiff does not agree to a dismissal with prejudice because there is substantial merit to each claim.

For the reasons stated below, the plaintiff respectfully requests that this court grant plaintiff's request for a Rule 41(a)(2) dismissal without prejudice of the cause of action:

## II.    LEGAL STANDARD OF REVIEW

### A.    Rule 41(a)(2) of the Federal Rules of Procedure

Rule 41(a)(2) of the Federal Rules of Civil Procedure states, in relevant part, that:

> (a) Voluntary Dismissal. (2) By Court Order; Effect . . . an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers *proper* . . . (u)nless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

### (1)    Authority RE: Dismissal Without Prejudice When Defendant Not Substantially Prejudiced

While the decision to dismiss an action pursuant to Rule 41(a)(2) falls within the discretionary power of the Court, *Davis v. Huskipower Outdoor Equip. Corp.,* 936 F.2d 193, 198 (5th Cir. 1991), "(t)he purpose of Rule 41(a)(2)  is freely to allow voluntary dismissals unless the parties will be unfairly prejudiced." *Davis v. USX Corp.*, 819 F.2d 1270, 1273 (4th Cir. 1987).  "A plaintiff's motion under Rule 41(a)(2) should not be denied absent substantial prejudice to the defendant." (*S.A.Andes v. Versant Corp.*, 788 F.2d 1033, 1036 (4th Cir. 1986);  (See *Catanzano v. Wing*, 277 F.3d 99, 109-110 (2d. Cir. 2001)(district court abused discretion in refusing voluntary dismissal of particular claim under Rule 41(a)(2) when claim was in early stage of development so that defendant would not be prejudiced by dismissal, even when the litigation had gone on for years with halting discovery);  *Hargis v. Foster*, 282 F.3d 1154, 1160 (9th Cir. 2002)(dismissal with prejudice of pro se plaintiff's claim over plaintiff's objection was abuse of discretion); *Elbabor v. Tripath Imaging, Inc.*, 279 F.3d 314, 320 (5th Cir. 2002)(though the court has power to order dismissal on condition that it be with prejudice, plaintiff must either assent to that condition or condition must be necessary to cure prejudice to defendant

4

realized by dismissal); *Templeton v. Nedlloyd Lines*, 901 F.2d 1273, 1274 (5th Cir. 1990)(plaintiff can freely dismiss, subject to court approval when no prejudice to any party); *Vincent v. A.C. & S. Inc.*, 833 F.2d 553, 555 (5th Cir. 1987)(Rule 41(a) dismissals done at plaintiff's request-- by order of court is to protect defendant from prejudice by plaintiff-instigated dismissals); *LeCompte v. Mr. Chip, Inc.*, 528 F.2d 601 (5th Cir. 1976)(dismissal with prejudice goes to merits of case and is considered final appealable order so that plaintiff may appeal therefrom.).  Also see, *Fernandez v. Southside Hosp.*, 593 F.Supp. 840, 842 (E.D.N.Y. 1984)(statement that 'the evidence and money needed to prove a claim under 42 U.S.C. section 1983 and section 1985, would be too time consuming and expensive)).

In assessing whether the prejudice is substantial, the Court must examine the circumstances of the case and "weigh the relevant equities . . . ." *Barron v. Caterpillar, Inc.*, 1996 WL 460086 at *2 (E.D. Pa. Aug. 7, 1996). The plain legal prejudice required to deny a motion pursuant to Rule 41(a)(2) must be more than the prospect of a second lawsuit or tactical advantage. (See *Davis v. USX*, supra (5th Cir.); *Quintero v. Klaveness Ship Lines*, 914 F.2d 717, 725 (5th Cir. 1990); *Shulley v. Mileur*, 115 F.R.D. 50, 51 (M.D. Pa. 1987) ("dismissal should be allowed unless the defendant will suffer some plain legal prejudice other than the mere prospect of a second lawsuit") (citations omitted); *Environ Products, Inc. v. Total Containment, Inc.*, 1995 WL 459003 at *5 (E.D. Pa. July 31, 1995) ("[p]lain legal prejudice simply does not result when . . . plaintiff may gain some tactical advantage by a voluntary dismissal") (citations omitted).  "Legal prejudice entails the loss of some 'vested' or 'substantial right.'" *Pouls v. Mills*, 1993 WL 308561 at *1 (E.D. Pa. Aug. 12, 1993), aff'd, 27 F.3d 558 (3d Cir. 1994) (citations omitted)). (See also *Selas Corp. of America v. Wilshire Oil Co. of Texas*, 57 F.R.D. 3 (E.D. Pa. 1972) (denying a motion to dismiss because dismissal would have precluded defendant from maintaining a counterclaim for malicious prosecution)).

When considering whether to protect a defendant, "the courts have considered a number of factors to determine whether dismissal will result in prejudice to a defendant; no one set appears to

have been adopted in this or any other circuit."  *Radiant Tech. Corp. v. Electrovert USA Corp.*, 122 F.R.D. 201, 203 (N.D. Tex. 1988).

Nonetheless, when deciding a motion to dismiss without prejudice under Rule 41(a), "a district court should consider factors such as 'the opposing party's effort and expense in preparing for trial, excessive delay and lack of diligence on the part of the movant, and insufficient explanation of the need for a voluntary dismissal,' as well as the present stage of litigation."  *Miller v. Terramite Corp.*, 114 Fed. Appx. 536, 540 (4th Cir. 2004) (quoting *Phillips USA, Inc. v. Allflex USA, Inc.*, 77 F.3d 354, 358 (10th Cir. 1996); *Pace v. Southern Express Co.*, 409 F.2d 331, 334 (7th Cir. 1969).

### (2)    Authority RE: Costs Of Litigation

"Although the purpose of Rule 41(a)(2) is to protect the defendant, the court may not award the defendant more relief than the defendant could have obtained through an adjudication of the lawsuit on the merits."  Vol. 8 Moore's Federal Practice, §41.40[10](c), p. 41-174 (Matthew Bender 3d Ed.).

"In general, awards of costs and attorneys fees--like other aspects of trial management--are entrusted to the sound discretion of the trial court.  However, in ruling on motions for costs and attorney's fees, the district court cannot act arbitrarily.  '[D]iscretionary choices are not left to a court's 'inclination, but to its judgment; and its judgment is to be guided by sound legal principles.' Friendly, *Indiscretion About Discretion*, 31 Emory L.J. 747, 784 (1982) (quoting Chief Justice Marshall's opinion in *United States v. Burr*, 25 F.Cas. 30, 35 (C.C.Va.1807).  At a minimum, the district court must listen to a party's arguments and give reasons for its decision."  *Schwarz v. Folloder*, 767 F.2d 125, 127 (5th Cir. 1985).

Finally, "some courts have held that costs are not mandatory and may be denied if the plaintiff has proceeded in good faith".  Vol. 8 Moore's Federal Practice, § 41.40[10][d], p. 41-175 (Matthew Bender 3d Ed.).  (See *Puerto Rico Maritime Shipping Auth. v. Leith*, 668 F.2d 46, 51 (1st Cir. 1981); *Bridgeport Music, Inc. v. Universal-MCA Music Publishing, Inc.* 583 F.3d 948, 954 (6th Cir. 2009)[Sixth Circuit has expressly rejected the contention that the payment of defense costs is universally required for

voluntary dismissal under Rule 41(a)(2)]; *Degussa Admixtures, Inc. v. Burnett*, 471 F.Supp. 2d 848, 852

(W.D. Mich. 2007);  *Stevedoring Serv. v. Armilla Int'l, B.V.*, 889 F.2d 919, 922 (1st Cir. 1989)).

## III.   ARGUMENT AND AUTHORITES

### A.   Statement Of Issues To Be Ruled Upon

#### 1.   Whether The Court Should Freely Allow Plaintiff's Voluntary Dismissal When There Is No Proper Reason To Find That Any Defendant Is Substantially Prejudiced

The first issue for the court to determine is whether, pursuant to Rule 41(a)(2), it should

exercise its discretion to freely allow plaintiff to voluntarily dismiss without prejudice his cause of

action, where only one claim has survived, when no discovery has been *completed* and there are no

counterclaims, cross-claims or third-party claims.[3]  Further, the plaintiff provides significant explanation

of his need to voluntarily dismiss the cause of action, and he is acting diligently, in good faith, and

without excessive delay.   Importantly, defendant DW is unopposed to this motion.  Seemingly, Chyi,

BP and K&E are unopposed to this motion, as well.

#### 2.   Whether The Court Should Exercise Its Judgment Of Not Awarding Any Defendant Costs, Attorney Fees Or Setting Any Other Terms And Conditions For The Dismissal Because Of The Circumstances Of The Case

The second issue the court will need to determine is whether either of the defendants are

entitled to costs of litigation, as requested or *sua sponte* by the court, when all defendants will have

avoided a significant legal battle, including all discovery, when they prevailed with numerous dismissals

"at the pleading stage", yet they did not request such award of litigation costs, including attorney fees,

during those proceedings, and when defendant DW, with the single surviving claim, has only served

written discovery requests.  Yet, most importantly, the court will have to consider whether the plaintiff

---

[3]   It is pertinent to know that the Original Complaint had eight (8) separate counts, which included a total of twenty-two (22) counts.  Plaintiff believes that through discovery, if it "could have" occurred, and despite the dismissals, the merit of each claim could be established in order to allow the court to reconsider the dismissals, or allow the filing of the First Amended Complaint.  Or, plaintiff could pursue other procedural mechanisms to revive each claim.

has acted in good faith in requesting this voluntary dismissal due to circumstances of indigency that are

beyond his control.

**B.**   **It Would Be Proper Under Rule 41(a)(2) For The Court To Dismiss Plaintiff's Cause Of Action Without Prejudice When Plaintiff Can Ill-Afford To Proceed With Discovery And No Defendant Will Be Substantially Prejudiced**

**1.**   **The Court Has Discretion To Liberally Grant The Voluntary Dismissal Of A Cause Of Action**

This motion is being filed because plaintiff is an *in forma pauperis* plaintiff who has been living in

his car for nearly ten (10) months, which has led him to the conclusion that he will not be able to

financially afford to proceed with discovery in order to meet his burdens of proof.  When the

complaint was filed plaintiff had a firm belief that he would acquire sufficient money to support this

litigation.  However, this has not occurred.

Although he has recently learned of job *opportunities* to earn sufficient income to acquire money

to support any litigation, the job will require him to travel on the road throughout the country, ten to

sixteen hours per day, seven days a week, for several months.  Thus, he would not have access to legal

research and would not be able to comply with deposition requests by defendants, nor would he be

able to proceed with the taking of depositions, nor would he be able to attend any hearings, if ordered.

Plaintiff is not requesting dismissal of his cause of action in bad faith, for delay, or any other

inappropriate misconduct of a similar nature.  It is requested in good faith, at a time that is most

appropriate.

Additionally, for around the past two years, or more, and up to this time, the plaintiff has

attempted to hire an attorney under a contingency fee agreement, or similar arrangement where he

would not be required to advance a sum of money for a retainer fee.  Although he has sought

representation by numerous attorneys, he has routinely been told that: (1) the attorney either represents

BP or DW, (2) the defendant's are too powerful and have too much influence to pursue this sort of

matter, and/or (3) they would need a retainer fee, ranging from $14,000 to $100,000.

At all stages of this litigation, and the time prior to the filing of the complaint, which necessarily includes his work on the deepwater horizon review project, the plaintiff, has acted in good faith.  And, due to circumstances beyond his control, he is now prevented from initiating his discovery plan when the discovery phase has not reached any advanced stage.  There have only been boilerplate written discovery requests served on plaintiff, by DW, only.  Plaintiff has not responded to them because plaintiff has been attempting to remedy his current situation that serves as part of the basis of this Motion.  As explained in the next section neither defendant needs protection of the court because there is no substantial or plain legal prejudice.

While the decision to dismiss an action pursuant to Rule 41(a)(2) falls within the discretionary power of the Court, *Davis v. Huskipower Outdoor Equip. Corp.,* 936 F.2d 193, 198 (5th Cir. 1991), "(t)he purpose of Rule 41(a)(2)  is freely to allow voluntary dismissals . . . ."  *Davis v. USX Corp.*, 819 F.2d 1270, 1273 (4th Cir. 1987); *Hargis v. Foster*, 282 F.3d 1154, 1160 (9th Cir. 2002)(dismissal with prejudice of pro se plaintiff's claim over plaintiff's objection was abuse of discretion); *Leith*, supra, at 49).  (See *Alamance Indus., Inc. v. Filene's* 291 F.2d 142, 146 (1st Cir. 1961)(left to trial court's discretion).

Accordingly, the court in this matter has the discretion to freely dismiss this cause of action without prejudice because it has the discretionary power to do so, and on the grounds set forth below.

### 2. No Defendant Would Be Substantially Prejudiced By A Dismissal Without Prejudice

#### (i) Chyi, BP and K&E -- No Substantial Prejudice

Regarding, defendant Chyi, BP and K&E, neither would suffer any prejudice should this cause of action now be dismissed without prejudice because when the court previously granted each of them its Rule 12(b)(6) motion, in its entirety, each of the claims against each of these defendants were, presumably, dismissed without prejudice, thus this present motion by plaintiff will lead to a result that does not amount to plain legal prejudice, when it will bring finality to this cause of action. (See fn. *1).

At this early stage of litigation, neither Chyi, BP or K&E filed an Answer, where they might

have admitted to certain allegations that would have led to further discovery inquiries by plaintiff.   Not being required to file an Answer and participate in discovery has benefitted defendants by avoiding potentially culpatory admissions.  So, this present dismissal will further their efforts, when plaintiff would likely serve them with a subpoena duces tecum and testificandum, as witnesses, which may lead to the same admissions and lead to a revival of the claims against them.

Additionally, Chyi, BP and K&E filed a joint Rule 54(b) motion for entry of final judgment, which was denied by this court. (Doc. #63 and 64).  Accordingly, this motion by plaintiff for voluntary dismissal will benefit them, not prejudice them in any way, as it brings them the finality they desire.  Moreover, they have no pending counterclaims against plaintiff, and they have not participated in any discovery.

In this instance, it is plaintiff who is losing out on his rights to appeal the decision dismissing the claims against Chyi, BP and K&E.[4]  Because plaintiff is now acting promptly, diligently and without excessive delay, when he has realized that it is no longer possible to proceed with this litigation due to his financial circumstances/undue hardship, he is potentially waiving his right to appeal the court's prior decision regarding Chyi's, BP's and K&E's Rule 12(b)(6) motion.  This is so even though plaintiff firmly believes that a more scrutinizing consideration of the complaint would warrant a reversal.

Moreover, plaintiff has a sufficient need to dismiss the cause of action without prejudice because he does not have the financial means to go through discovery in order to acquire a final judgment in his favor.  He has been an indigent individual for nearly two years, with one previous long term employer telling him that, although they have a legal review project coming up, the client only wants  people under the age of forty.  Also, more than a year ago, this court approved plaintiff's

---

[4]   Whether the court determines that the Rule 12(b)(6) dismissals should be with prejudice under a presumption that it was adjudicated on the merits, or it was converted into a summary judgment, then it still holds true that with either determination the plaintiff would be entitled to a right of appeal under a de novo standard. (See *Dorsey v. Portfolio Equities, Inc.,* 540 F.3d 333, 338 (5th Cir. 2008)(de novo review for 12(b)(6) dismissals as question of law); and, *Vega-Rodriguez v. Puerto Rico Tel. Co.*, 110 F.3d 174, 177 (1st Cir. 1997)(appellate court applied summary judgment standard of review to district court's dismissal of action for failure to state claim when district court had considered matters outside pleadings).

application for *in forma pauperis* status as a *pro se* plaintiff.  His current financial condition has not

changed when the legal industry clearly appears to be illegally blacklisting him.

Based on these circumstances and equities, the court should order a dismissal without prejudice

because neither Chyi, BP, or K&E can establish any unfair or substantial or plain legal prejudice, even

should plaintiff refile another cause of action.  Rule 41(a)(2); *S.A.Andes v. Versant Corp.*, 788 F.2d 1033,

1036 (4th Cir. 1986); *Catanzano v. Wing*, 277 F.3d 99, 109-110 (2d. Cir. 2001); *Templeton v. Nedlloyd Lines*,

901 F.2d 1273, 1274 (5th Cir. 1990); *Vincent v. C.C. & S. Inc.*, 833 F.2d 553, 555 (5th Cir. 1987); *Le

Compte v. Mr. chip, Inc.*, 528 F.2d 601 (5th Cir. 1976);  *Barron v. Caterpillar, Inc.*, 1996 WL 460086 at *2

(E.D. Pa. Aug. 7, 1996);  *Quintero v. Klaveness Ship Lines*, 914 F.2d 717, 725 (5th Cir. 1990); *Shulley v.

Mileur*, 115 F.R.D. 50, 51 (M.D. Pa. 1987); *Environ Products, Inc. v. Total Containment, Inc.*, 1995 WL

459003 at *5 (E.D. Pa. July 31, 1995).

Moreover, these defendants will not suffer any loss of a vested or substantial right in this

litigation because they have filed no counterclaim, or other claims, including requests for attorney fees

or costs incurred with the Rule 12(b)(6) motion.[5]  *Pouls v. Mills*, 1993 WL 308645 at *1 (E.D. Pa. Aug.

12, 1993), aff'd, 27 F.3d 558 (3d Cir. 1994); *Selas Corp. of America v. Wilshire Oil Co. of Texas*, 57 F.R.D. 3

(E.D. Pa. 1972) (denying a motion to dismiss because dismissal would have precluded defendant from

maintaining a counterclaim for malicious prosecution)).

And, (1) Chyi, BP and K&E have invested little effort in this litigation when they did not even

reach the stage of having to file an Answer to plaintiff's complaint, (2) there has been no excessive

delay or lack of diligence by plaintiff in filing this motion, (3) the plaintiff has provided sufficient

explanation of need for a dismissal without prejudice, and (4) this dismissal will occur at the earliest

stage of litigation, with respect to these three defendants.  *Radiant Tech. Corp. v. Electrovert USA Corp.*,

---

[5]  Moreover, should this court now "convert" Chyi's, BP's and K&E's Rule 12(b)(6) dismissal of the entire claims into a Summary Judgment disposition, then plaintiff objects on the basis that plaintiff was not provided any notice that the court was considering judgment and plaintiff had no opportunity to respond with affidavits or other evidence outside of the pleadings.  *Balogun v. INS*, 9 F.3d 347, 352 (5th Cir. 1993).

122 F.R.D. 201, 203 (N.D. Tex. 1988); *Miller v. Terramite Corp.*, 114 Fed. Appx. 536, 540 (4th Cir. 2004) (quoting *Phillips USA, Inc. v. Allflex USA, Inc.*, 77 F.3d 354, 358 (10th Cir. 1996); *Pace v. Southern Express Co.*, 409 F.2d 331, 334 (7th Cir. 1969); *Fernandez v. Southside Hosp.*, 593 F.Supp. 840, 842 (E.D.N.Y. 1984).

### (ii)    DW -- No Substantial Prejudice

Regarding defendant DW, it is important that they are unopposed to this motion.  Nonetheless, this case, with a single potentially meritorious claim, has not progressed far.  Trial preparation has not begun, no depositions have been taken, and little other discovery has occurred.  As a matter of fact, the only discovery effort was incomplete after DW served its boilerplate written discovery requests to plaintiff, who has not responded to them.

Moreover, should this cause of action now be voluntarily dismissed without prejudice by court order,  DW will not suffer any substantial or plain legal prejudice because when the court previously granted, in part, and denied, in part, its Rule 12(b)(6) motion, the only claim that survived was the retaliation in violation of the FLSA.  Thus, this present motion by plaintiff will lead to a result that does not amount to plain legal prejudice, when it will bring finality to this cause of action, when plaintiff loses his right to appeal the rulings on the dismissal of the other claims alleged against DW.

As to plaintiff's circumstances in relation to his interest in pursuing the single retaliation claim against DW, his intention to "soon" take advantage of a "job opportunity" that will require him to travel the highways of this country for long hours every day of the week, for several months, will not allow him to meet his obligations to the court in this matter.  Because any job that he may hold during any discovery phase would only lead to substantial violations of the Federal Rules of Civil Procedure because, he would be 100% unable to cooperate with defendant's discovery, plaintiff would be subject to sanctions and other fees.  This is further reason that due to plaintiff's current financial condition, a dismissal without prejudice should be ordered by the court.

Nearly identical to the circumstances and equities with Chyi, BP and K&E, the court should

order this cause of action dismissed without prejudice because DW will not be substantially prejudiced. Rule 41(a)(2); *S.A.Andes v. Versant Corp.*, 788 F.2d 1033, 1036 (4th Cir. 1986); *Catanzano v. Wing*, 277 F.3d 99, 109-110 (2d. Cir. 2001); *Templeton v. Nedlloyd Lines*, 901 F.2d 1273, 1274 (5th Cir. 1990); *Vincent v. C.C. & S. Inc.*, 833 F.2d 553, 555 (5th Cir. 1987); *Le Compte v. Mr. chip, Inc.*, 528 F.2d 601 (5th Cir. 1976); *Barron v. Caterpillar, Inc.*, 1996 WL 460086 at *2 (E.D. Pa. Aug. 7, 1996); *Quintero v. Klaveness Ship Lines*, 914 F.2d 717, 725 (5th Cir. 1990); *Shulley v. Mileur*, 115 F.R.D. 50, 51 (M.D. Pa. 1987); *Environ Products, Inc. v. Total Containment, Inc.*, 1995 WL 459003 at *5 (E.D. Pa. July 31, 1995).

Moreover, DW will not suffer any loss of a vested or substantial right in this litigation because they have filed no counterclaim, or other claims, including requests for attorney fees or costs incurred with the Rule 12(b)(6) motion. *Pouls v. Mills*, 1993 WL 308645 at *1 (E.D. Pa. Aug. 12, 1993), aff'd, 27 F.3d 558 (3d Cir. 1994); *Selas Corp. of America v. Wilshire Oil Co. of Texas*, 57 F.R.D. 3 (E.D. Pa. 1972) (denying a motion to dismiss because dismissal would have precluded defendant from maintaining a claim for malicious prosecution)).

And, (1) DW has invested little effort in this litigation when it only served plaintiff with boilerplate written discovery, (2) there has been no excessive delay or lack of diligence by plaintiff in filing this motion, (3) the plaintiff has provided sufficient explanation of need for a dismissal without prejudice, and (4) this dismissal will occur at the earliest stage of litigation, with respect to these three defendants. Rule 41(a)(2); *Radiant Tech. Corp. v. Electrovert USA Corp.*, 122 F.R.D. 201, 203 (N.D. Tex. 1988); *Miller v. Terramite Corp.*, 114 Fed. Appx. 536, 540 (4th Cir. 2004) (quoting *Phillips USA, Inc. v. Allflex USA, Inc.*, 77 F.3d 354, 358 (10th Cir. 1996); *Pace v. Southern Express Co.*, 409 F.2d 331, 334 (7th Cir. 1969); *Fernandez v. Southside Hosp.*, 593 F.Supp. 840, 842 (E.D.N.Y. 1984).

### C. <u>Litigation Costs Should Not Be Awarded To Either Defendant</u>

#### 1. No Litigation Costs For Chyi, BP and K&E

Upon the event that either defendant Chyi, BP, or K&E request costs, or the court considers awarding litigation costs or setting other terms and conditions on an order granting the voluntary

dismissal, the court needs to consider whether plaintiff is acting in good faith to voluntarily dismiss this cause of action.

Moreover, as with DW, as explained below, any costs expended by Chyi, BP and K&E would undoubtedly be useful in any potential future litigation because the facts and circumstances in the lengthy complaint, which were incorrectly construed, would be more definitively and precisely stated. Thus, Chyi, BP and K&E would not re-incur any costs or fees.  See *Southeastern Pennsylvania Transp. Authority v. American Universal Ins. Co.*, 1988 WL 21971 (E.D. Pa. Mar. 1, 1988) (denying reimbursement of costs and attorney's fees because discovery materials would be useful in subsequent litigation).

"Although the purpose of Rule 41(a)(2) is to protect the defendant, the court may not award the defendant more relief than the defendant could have obtained through an adjudication of the lawsuit on the merits."  Vol. 8 Moore's Federal Practice, §41.40[10](c), p. 41-174 (Matthew Bender 3d Ed.).

Here, Chyi, BP and K&E incurred very minimal litigation costs, as the case did not proceed beyond the pleading stage.  Even if plaintiff were able to proceed with this case, and later file a successful appeal, and then he lost at trial with these defendants, it is unlikely that they would be entitled to costs or fees.  (Id.).  At best, it would be speculative to say they would be entitled to it.

Aside from what Chyi, BP and K&E would not have been awarded after adjudication of the merits of the claim, plaintiff at all instances has acted with good faith.  He has filed his complaint with a firm conviction of the facts and circumstances that actually occurred, which led to the filing of the complaint.  This is a practical reality and understanding (plaintiff's personal experience with the defendants) that most lawyers who represent clients lack when deciding whether they can actually meet the burdens of proof.

Further, as explained in the section below regarding DW, plaintiff relies on his good faith intentions in requesting that the court deny any costs and fees for Chyi, BP and K&E, as such explanation below is applicable with these defendants.

Finally, the court should consider the fact that the plaintiff is an *in forma pauperis* plaintiff, as

14

authorized by this court, and would only suffer a compounding of injuries should any monetary award be granted. And, Chyi, BP and K&E, seemingly, don't oppose this motion, and thus no argument here.

### 2.        No Litigation Costs For DW

Defendant DW does not oppose this motion, and accordingly has waived argument for a request for litigation costs incurred to this date.  Should the court consider awarding litigation costs or setting other terms and conditions on an order granting the voluntary dismissal, the court needs to consider whether plaintiff is acting in good faith.

First, this case has not progressed far.  Trial preparation has not begun, no depositions have been taken, and little other discovery has occurred. See *John Evans Sons, Inc. v. Majik-Ironers, Inc.*, 95 F.R.D. 186, 191 (E.D. Pa. 1982) (explaining that the purpose of such an award is to compensate defendant for having incurred the expense of trial preparation without the benefit of a final determination of the controversy on the merits).

Secondly, any costs incurred to date by DW would undoubtedly be useful in any future litigation, upon the event that plaintiff, or any newly hired attorney, actually file subsequent litigation. See *Southeastern Pennsylvania Transp. Authority v. American Universal Ins. Co.*, 1988 WL 21971 (E.D. Pa. Mar. 1, 1988) (denying reimbursement of costs and attorney's fees because discovery materials would be useful in subsequent litigation).

"Although the purpose of Rule 41(a)(2) is to protect the defendant, the court may not award the defendant more relief than the defendant could have obtained through an adjudication of the lawsuit on the merits." Vol. 8 Moore's Federal Practice, §41.40[10](c), p. 41-174 (Matthew Bender 3d Ed.).

Here, DW has incurred minimal litigation costs, as the case did not proceed beyond the pleading stage.  Even if the single retaliation claim were successfully defended on the merits, defendant would unlikely be able to establish that any costs or fees could be obtained.  (Id.).  At best, it would be speculative to say they would be entitled to it.

Aside from that, plaintiff at all instances has acted with good faith.  He has filed his complaint

with a firm conviction of the facts and circumstances that actually occurred, which led to the filing of the complaint.  This is a practical reality and understanding that most lawyers who represent clients lack when deciding whether they can actually meet the burdens of proof.

Further, plaintiff  has vehemently contested the Rule 12(b)(6) motions, despite the fact that he was going through therapy and suffering lethargy and thought distortion caused by strong pain killers and other medication, which amounts to excusable neglect for the poor research and argument.

In good faith, this motion was filed as soon as he had come to the realization that he would not be able to proceed with discovery or hire an attorney due to his indigent status and when he has been living in his car for nearly ten (10) months.  There is no bad faith or similar misconduct by plaintiff, when he truly needs Justice to be served for the injuries, harm and losses he suffered while working on the deepwater horizon review project.  To award any costs to DW would further inflame the injuries suffered by plaintiff

Because the plaintiff has proceeded in good faith, the court should not mandatorily order any costs or fees to DW.  Vol. 8 Moore's Federal Practice, § 41.40[10][d], p. 41-175 (Matthew Bender 3d Ed.).  (See *Puerto Rico Maritime Shipping Auth. V. Leith*, 668 F.2d 46, 50 (1st Cir. 1981); *Bridgeport Music, Inc. v. Universal-MCA Music Publishing, Inc.* 583 F.3d 948, 954 (6th Cir. 2009)(Sixth Circuit has expressly rejected the contention that the payment of defense costs is universally required for voluntary dismissal under Rule 41(a)(2)); *Degussa Admixtures, Inc. v. Burnett*, 471 F.Supp. 2d 848, 852 (W.D. Mich. 2007); *Stevedoring Serv. v. Armilla Int'l, B.V.*, 889 F.2d 919, 922 (9th Cir. 1989)).

Finally, in this case, the court would be using its judgment when not awarding any costs or attorney fees because DW does not request any such costs or fees, as it is unopposed to the motion, and for the reasons stated above.  Friendly, *Indiscretion About Discretion*, 31 Emory L.J. 747, 784 (1982) (quoting Chief Justice Marshall's opinion in *United States v. Burr*, 25 F.Cas. 30,35 (C.C.Va.1807). *Schwarz v. Folloder*, 767 F.2d 125, 127 (5th Cir. 1985).  Essentially, the court has no argument to consider from DW.  (Id.).

For these reasons, the court should not award either defendant costs or fees, in any way or amount.

**D.      Dismissal With Prejudice Is Not Warranted**

Finally, a dismissal "with prejudice" would not be proper in this case.  "Dismissal of an action with prejudice is a *complete adjudication* of the *issues* presented by the pleadings and is a bar to a further action between the parties.  An adjudication in favor of the defendants, by court or jury, can rise no higher than this."  *Schwarz v. Folloder*, supra. (emphasis added).

Here, absolutely no part of this litigation has been resolved on any of the merits of the case, whether appealable or not.  All claims against Chyi, BP, and K&E were dismissed at the pleading stage, without discovery or appeal, and plaintiff was denied the right to file a First Amended Complaint.  As to DW, only one claim avoided the Rule 12(b)(6) challenge, yet there has been no discovery completed because plaintiff has not responded to any of their written requests.  Plaintiff has not served any discovery requests, or otherwise, to any defendant.

Accordingly, as to all parties, there has not been any true and fair "adjudication" on the merits of the alleged claims, let alone any discovery of the pleaded and non-pleaded facts and circumstances.  Accordingly, dismissal *with prejudice* should not favor the defendant when plaintiff's claims have not been afforded the discovery process to prove up the merits of his claims, including discovery of the merits that could support claims previously dismissed against DW, Chyi, BP, and K&E.  If at all possible, in the future, plaintiff should be left with the future opportunity to seek redress for the injuries caused upon him by these defendants.

**IV.      CONCLUSION**

For the above reasons, pursuant to Rule 41(a)(2), plaintiff requests that the court order a dismissal without prejudice of the cause of action because no defendant needs protection for unfair or substantial or plain legal prejudice, and the court should not award any costs of litigation or set other terms and conditions when ordering the dismissal.

17

** A Proposed Order has been submitted, pursuant to District LR 7.1, 7.2 and Judge Hoyt's

procedures, Section VI Briefs (D).


Dated:      June 13, 2014                    By:    s/ Alan M. Oberc
                                             THE LAW OFFICE OF ALAN M. OBERC
                                             Attorney Alan M. Oberc
                                             Email:  amo613@yahoo.com

---

## CERTIFICATE OF CONFERENCE

        Pursuant to Local Rule 7.1(D), I hereby certify that counsel for the *affected parties to the motion*
have conferred on this motion and:

1.  on June 9, 2014, DW's counsel stated it is unopposed;

2.  on June 11, 2014, Thomas Piskorski, counsel for defendant BP, responded and confirmed its
    prior email of June 10, 2014 that stated: "Kirkland & Ellis, Gary Chyi and BP already have been
    dismissed with prejudice.  Therefore, they do not need to take a position on your motion".
    (Note: his statement merely speaks to the "claims", not the "cause of action", as only the claims
    were dismissed against these defendants, knowing there is a right to appeal the Rule 12(b)(6)
    claim dismissals.);

3.  on June 10, 2014, counsel for plaintiff sent an email to Attorney Ed Sullivan, counsel for
    defendant K&E and defendant Chyi, which made the inquiry of: "Does your client oppose or is
    it unopposed to the Motion to voluntarily dismiss the cause of action.  I assume that you have
    had correspondence with Mr. Piskorski as he has stated earlier that your client is not a party of
    this motion.  Although I don't know if he is speaking on your behalf with consent, or if he is
    now representing your former client, I would kindly request a response from you directly.
     Thank you in advance."  In response, on June 11, 2014, attorney Sullivan stated that "Our
    position is the same. He had my permission to write you".  Because counsel for BP and counsel
    for K&E and Chyi believe they are not an affected party of this Motion, I presume they are
    unopposed to this Motion, as stated in the style of this case.  However, in a measure of
    precaution that the court may find they are opposed when they failed to respond with any
    indication as to whether they were opposed or unopposed, then this Certificate of Conference
    complies with the LR 7.2(D).

                                             By: s/ Alan M. Oberc
                                             *Attorney for Plaintiff*

---

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served upon the counsel of record listed below via the Southern District of Texas' CM/ECF method and by electronic email on the 13th day of June, 2014.

James M. Cleary, Jr.
MARTIN, DISIERE, JEFFERSON & WISDOM
808 Travis, 20th Floor
Houston, Texas 77002
cleary@mdjwlaw.com
*Attorney for Defendants:*
*Willis Group, LLC; DonWat GP, LLC;*
*Donovan & Watkins; LP, Donovan &*
*Watkins Legal Solutions, LLC*

Edwin Sullivan
Oberti Sullivan, LLP
723 Main Street, Suite 340
Houston, TX 77002
*Attorney In Charge for Defendants:*
*Kirkland & Ellis LLP and Gary Chyi*

Thomas J. Piskorski
Seyfarth Shaw, LLP
131 S. Dearborn Street, Suite 2400
Chicago, Illinois 60603
*Attorney in charge for Defendants:*
*BP, plc, BP America Inc.,*
*BP Products North America Inc., and BP*
*Exploration and Production Inc.*

Rachel M. Hoffer Seyfarth Shaw, LLP
700 Louisiana Street, Suite 3700
Houston, Texas 77002
*Attorneys for Defendants:*
*BP, plc, BP America Inc.,*
*BP Products North America Inc., and BP*
*Exploration and Production Inc.*

By:   /s/ Alan M. Oberc
    Alan M. Oberc
    Attorney in charge for Plaintiff
    Email:  amo613@yahoo.com